EUGENE HARRIS V. STATE

No. 27,922. January 18, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) February 29, 1956.

*Theo Pat Henley,* San Antonio, for appellant.

*John H. Miller,* District Attorney, Sinton, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary; the punishment, four years in the penitentiary.

The state's evidence shows that shortly before midnight on February 18, 1955, the state's witness, Leroy Hoskins, while traveling on Houston Street in the city of George West, observed a 1950 Ford automobile, with its lights off, parked near the gymnasium next to the Junior High School. After seeing two men get in the automobile, which was then driven off at a high rate of speed, Hoskins followed the car to where it stopped at the dead end of the street. The witneess testified after the car stopped he saw several men running from the car and jumping a fence and then running through a field; that when he went to the car he found a man on the back seat whom he identified as Harvey Harris, and also saw some wrecking tools on the floor of the car, consisting of a crowbar, sledge hammer and some chisels and wedges.

After the officers had been notified and in the investigation that followed it was discovered that the side door of the gymnasium had been forced open and that a lock on a door to the office in the high school building had been torn off and that two cigar boxes, each containing approximately twenty-five dollars, had been taken from the building.

The evidence shows that, following the escape of the men from the Ford automobile, three sets of tracks were found leading from where they jumped the fence across a field to a highway and that the officers followed the tracks in the man hunt that ensued. On the following night Sheriff W. A. Smith arrested a man by the name of Johnnie Cain whom the witness Hoskins identified as one of the men who had fled from the automo-

bile. On the next day Alice Chief of Police Carl W. Lenhart, along with other officers, after following tracks across various fields, came upon the appellant and a man by the name of Buck Collins lying on the ground under a tarpaulin in a field north of Three Rivers, where they were arrested and carried to the sheriff's office and turned over to Sheriff Smith.

The state introduced in evidence a written statement made by appellant to Sheriff Smith following his arrest, in which he stated:

"Last Friday night, Feb. 18, 1955, at about 7 p.m., I, Eugene Harris, Buck Collins, Harvey Harris, and Johnnie Cain came to Three Rivers, Texas, passed by Three Rivers High School, there was some kind of a gathering, so we came on to George West. We were in my car, a 1950 Ford. I was driving the car. When we got to George West, there was a basketball game in progress. We waited until the game was over and everybody had gone. Then Harvey Harris, Buck Collins, and Johnnie Cain went to break in the High School while I waited in the car. They came back with the money in a box. At about the time they came back, a car came along and we left running into a dead-end street; there I, Eugene, Johnnie, and Buck Collins jumped out and ran, leaving Harvey Harris in the car. We were out until we were arrested. Harvey Harris was armed with a .22 pistol and Buck Collins had a .45 automatic pistol."

The testimony further shows that a cigar box containing $19.52 was found under the back seat of the 1950 Ford car which was identified by School Superintendent Edward A. Gay as the same box which was taken from the high school building; further, that a .22 calibre pistol was found under the back seat of the car and that after appellant's arrest he told Sheriff Smith where the .45 automatic pistol referred to in the statement could be found, which the sheriff did find near the place where appellant was arrested.

Appellant did not testify but offered witnesses who testified that on the day in question they saw him at his place of business in the town of Macdona; than on such occasion three men got him to drinking whisky and got him drunk and that around 7 o'clock, p.m., he left in a car with Eugene Harris, Buck Collins and Johnnie Cain at which time they said they were going to Mexico.

The court submitted the issue of appellant's guilt to the jury

under a charge on the law of principals, and we find the evidence sufficient to support their verdict.

In his brief appellant relies upon three bills of exception for a reversal.

By Bill of Exception No. One appellant complains of a statement made by the witness, Sheriff W. A. Smith, while testifying concerning his interrogation of the appellant as to whether he was willing to make a voluntary statement. The bill shows that the district attorney inquired of the witness if he asked the appellant if he was willing to make a voluntary statement, to which inquiry the witness stated, "Yes, sir, I did," and then upon being asked what the appellant said in reply, the witness replied, "He said that he was . . . that he was going to plead guilty anyway." It is further shown that upon appellant's objection to the answer of the witness the court instructed the jury to disregard the statement "that he was going to plead guilty anyway."

We perceive no reversible error because of the statement in the answer of the witness that appellant told him he was going to plead guilty. Before introducing the confession in evidence it was incumbent upon the state to lay a proper predicate by showing that it was voluntarily made. In discharge of this burden the district attorney had the right to inquire of the witness as to what the appellant said when asked if he was willing to make a voluntary statement. That portion of the answer of the witness that appellant said he was going to plead guilty anyway was rendered harmless under appellant's confession which showed him to be guilty of the offense charged and under the court's instruction to the jury to disregard that portion of the witness's answer.

In Bill of Exception No. Two appellant complains of the refusal of the court to permit his witness, Mrs. Emma Harris, to testify to a conversation she had with his co-defendants, Harvey Harris, John Cain and Louis A. Collins in the Bexar County jail on April 5, 1955, in which conversation they told her they were sorry they had gotten appellant in the trouble and that they had gone to appellant's home in Macdona and got him intoxicated and took him in the car with them and told him they were going to Mexico. This testimony as to statements made by appellant's co-defendants, long after the commission of the offense, was clearly hearsay and, under the record, properly excluded by the court.

502

By Bill of Exception No. Three complaint is made to the following argument of the district attorney which the court instructed the jury to disregard:

"It is better to put this man away in the penitentiary so his wife will not become pregnant again. The State can take care of her and the family while her husband is in the penitentiary."

We are of the opinion that the argument complained of does not call for a reversal of the case. The record shows that appellant had a wife and she testified in his behalf. The argument violated no mandatory statute and does not appear to be so obviously prejudicial that its effect upon the jury could not be removed by the court's instruction to disregard it.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.